UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EDWARD SCOTT | CIVIL ACTION |
| VERSUS | NUMBER 12-1882 |
| MICHAEL HAGGERTY, ET AL. | SECTION "L" (3) |

## ORDER & REASONS

Before the Court is Plaintiff Edward Scott's motion to remand. (Rec. Doc. 7). The Court has reviewed the briefs and the applicable law and now issues this Order and Reasons.

### I.     BACKGROUND

This lawsuit arises out of an alleged motor vehicle accident. Plaintiff Edward Scott claims that on or about March 9, 2011, he was sitting inside his vehicle while it was parked outside the post office on Loyola Avenue in New Orleans, Louisiana when it was struck by another vehicle. According to Plaintiff, this vehicle was owned by Defendant AT&T Services, Inc. and operated by one of its employees, Defendant Michael Haggerty. Plaintiff claims that he sustained multiple injuries as a result of Defendants' negligence.

Plaintiff filed suit in the Civil District Court for the Parish of Orleans on February 28, 2012. (Notice of Removal, Rec. Doc. 1 at ¶ 1). On April 5, 2012, Plaintiff's counsel filed a Stipulation, signed only by Plaintiff's counsel, agreeing that "[Plaintiff's] damages resulting from the accident which forms the basis of this litigation do not exceed $75,000.00 exclusive of interest and costs." (Ex. B. to Defs.' Opp., Rec. Doc. 9-2 at 1). On July 10, 2012, Plaintiff's counsel sent a letter to Defendants' counsel stating: "It is my opinion that my client's claim exceeds the limits of our mutually agreed upon stipulation; therefore, demand is hereby made for $75,000.00." (Ex. C. to Defs.' Opp., Rec. Doc. 9-3 at 2). On July 19, 2012, Defendants

removed the case to this Court.  (Notice of Removal, Rec. Doc. 1).

## II.   PRESENT MOTION

Plaintiff now moves to remand the case to state court.  (Rec. Doc. 7).  Plaintiff argues that there is no federal jurisdiction in this case because the amount in controversy is below $75,000.  In particularly, Plaintiff cites the Stipulation filed in state court, which specifically provides that damages will not be above $75,000.  (Rec. Doc. 9-2 at 1).  Defendants acknowledge this Stipulation, but argue that removal to federal court was nonetheless proper based on both the limited nature of the Stipulation and specific facts that emerged after the Stipulation was filed.

## III.  LAW & ANALYSIS

Removal of a case to federal court is generally permitted if the district court has original jurisdiction over the case.  28 U.S.C. § 1441(a).  Cases removed based on the court's diversity jurisdiction contain an additional requirement: that neither of the defendants is a citizen of the state in which the action is brought.  *Id.* § 1441(b).  There appears to be no dispute that this requirement is met in the present case.  Although Plaintiff's Petition for Damages alleges that Defendant Haggerty is a Louisiana resident (Rec. Doc. 1-3 at ¶ 1), Defendants' Notice of Removal clarifies that he resides in Mississippi (Rec. Doc. 1 at ¶ 2).

However, the parties in this case disagree over the amount in controversy.  Under 28 U.S.C. § 1332(a), the amount in controversy in a diversity case must exceed $75,000, exclusive of interest and costs.  If the potential damages in a removed case are not above $75,000, the district court lacks subject matter jurisdiction, and remand to state court is required.  28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

The Fifth Circuit requires a removing defendant to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).  This burden allows the plaintiff to remain the master of his or her claim, while at the same time protecting defendants from "plaintiffs who seek to manipulate their state pleadings to avoid federal court while retaining the possibility of recovering greater damages in state court following remand."  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995).  If the defendant meets its burden, the plaintiff can defeat removal only by establishing with legal certainty that his or her claims do not exceed $75,000.  *De Aguilar*, 47 F.3d at 1412.

In this case, Plaintiff argues that his Petition for Damages and the Stipulation he filed in state court establish that he cannot recover more than $75,000 in damages.  Plaintiff's Petition for Damages does not specifically ask for damages above $75,000.  (Rec. Doc. 1-3 at ¶ VIII).[1] More directly on point, the Stipulation specifically provides that Plaintiff's damages do not exceed $75,000.  (Rec. Doc. 9-2 at 1).  This Stipulation was filed after the Petition for Damages, but before removal.

Defendants respond by emphasizing that "there has not been an agreement by Plaintiff that he waives his right to collect any amount in excess thereof."  (Defs.' Opp., Rec. Doc. 9 at 2). Critically, the state court Stipulation does not waive Plaintiff's right to recover more than $75,000.  Furthermore, Defendants point to two facts that have emerged since the Stipulation

---

[1] Plaintiff claims that in his Petition for Damages he "specifically prays for those damages that are just and reasonable, but does not expect those damages to exceed the total sum of $75,000."  (Pl.'s Mot. Remand, Rec. Doc. 7 at 1).  However, Defendants correctly point out that the Petition for damages "**does not** contain any reference to a dollar amount or amount in controversy."  (Def.'s Opp., Rec. Doc. 9 at 1).

-3-

was filed.  First, Defendants claim that when Plaintiff was deposed in late June, he indicated the possibility of surgery, which was previously unknown to defense counsel.  Second, Plaintiff's counsel sent Defendants' counsel the letter quoted above, making demand for $75,000 because of his opinion that "my client's claim exceeds the limits of our mutually agreed upon stipulation."  (Rec. Doc. 9-3 at 2).  Defendants argue that this evidence is sufficient to establish by a preponderance of the evidence that the amount in controversy in this case is more than $75,000.

In deciding whether to grant or deny Plaintiff's motion to remand, this Court considers the evidence cited by both parties, as well as the contents of the Petition for Damages.  In that Petition, Plaintiff provides a list of nine different injuries he sustained during the alleged accident, including possible head injuries. (Petition for Damages, Rec. Doc. 1-3 at ¶ VII).  Furthermore, Plaintiff includes claims for several different types of damages, including past and future medical expenses, past and future lost wages, and pain and suffering.  *Id.* at ¶ VIII.  The Fifth Circuit found a much more limited request for damages to be insufficient to establish federal jurisdiction in *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999).  There, the plaintiff claimed only an injured shoulder, and only medical expenses and loss of consortium were at issue.  *Id.* at 851.  The present case is far more similar to *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000), in which removal was upheld.  There, the plaintiff claimed multiple injuries and sought a wider variety of damages.  *Id.* at 883.

In this case, Plaintiff has filed a Stipulation that potentially limits his damages.  The Court does consider this Stipulation as evidence in favor of remand, but its impact is limited because—as Defendants point out—it does not explicitly bind Plaintiff to recover less than $75,000, or explicitly waive his right to recover above that amount.  *See, e.g.*, *De Aguilar*, 47

F.3d at 1412 (stating that "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints" (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992) (per curiam)) (internal quotation marks omitted)); *Griffin v. Georgia Gulf Lake Charles, LLC*, 562 F. Supp. 2d 776, 778 (W.D. La. 2008) (finding amount in controversy requirement was met and denying motion to remand because even though plaintiff's state court filings stated that damages were less than $75,000, plaintiff had not "expressly waived any award over that sum").

This deficiency is underscored by Defendants' evidence in favor of federal jurisdiction. Even more important than the evidence that emerged during Plaintiff's deposition is the letter sent by Plaintiff's counsel shortly before Defendants removed the case. In similar circumstances, the Fifth Circuit has previously suggested that an attorney's letter could be used as evidence to determine the amount in controversy. *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994) (noting that removal was proper because plaintiff's counsel had sent defendants a letter "stating that the amount in controversy exceeded $50,000," then the minimum requirement for diversity cases); *see also Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) (holding that a demand letter can serve as an "other paper from which it may be first ascertained that the case is one which is or has become removable" for the purpose of determining whether removal is timely under 28 U.S.C. § 1446(b)). Furthermore, at least one other section of this Court has considered a demand letter in order to determine the amount in controversy while adjudicating a motion to remand. *Hammel v. State Farm Fire & Cas. Co.*, Nos. 06-7470 & 06-9615, 2007 WL 519280, at *4 (E.D. La. Feb. 14, 2007). The *Hammel* Court specifically noted that a settlement offer from the plaintiff does not necessarily restrict the amount in controversy to the amount of the offer itself, since the actual damages could be higher. *Hammel*, 2007 WL 519280, at *4.

In the present case, Plaintiff's counsel explicitly states in his letter: "It is my opinion that my client's limit exceeds the limits of our mutually agreed upon stipulation [of $75,000] . . . ." (Ex. C to Defs.' Opp., Rec. Doc. 9-3 at 2). Plaintiff's counsel then makes a demand of exactly $75,000. *Id.* If the actual damages are even *one dollar* above that offer—as Plaintiff's counsel apparently believes them to be—then this Court has subject matter jurisdiction over Plaintiff's claims.

In short, Defendants have proved by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000. Moreover, due to the lack of explicit binding language in the state court Stipulation, Plaintiff cannot establish with legal certainty that his claims do not exceed $75,000. Accordingly, Plaintiff's motion to remand must be denied.

## IV.   CONCLUSION

Accordingly, for the foregoing reasons, IT IS ORDERED that Plaintiff's motion to remand (Rec. Doc. 7) is DENIED.

New Orleans, Louisiana, this 24th day of September, 2012.

_____
UNITED STATES DISTRICT JUDGE