UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EDWARD SCOTT                                    CIVIL ACTION

VERSUS                                          NUMBER 12-1882

MICHAEL HAGGERTY, ET AL.                        SECTION "L" (3)

ORDER & REASONS

Before the Court is Plaintiff Edward Scott's Second Motion to Remand. (Rec. Doc. 16).

The Court has reviewed the briefs and the applicable law and now issues this Order and Reasons.

I.      BACKGROUND

This lawsuit arises out of an alleged motor vehicle accident. Plaintiff Edward Scott

claims that on or about March 9, 2011, he was sitting inside his vehicle while it was parked

outside the post office on Loyola Avenue in New Orleans, Louisiana when it was struck by

another vehicle. According to Plaintiff, this vehicle was owned by Defendant AT&T Services,

Inc. and operated by one of its employees, Defendant Michael Haggerty. Plaintiff claims that he

sustained multiple injuries as a result of Defendants' negligence.

Plaintiff filed suit in the Civil District Court for the Parish of Orleans on February 28,

2012. (Notice of Removal, Rec. Doc. 1 at ¶ 1). On April 5, 2012, Plaintiff's counsel filed a

Stipulation, signed only by Plaintiff's counsel, agreeing that "[Plaintiff's] damages resulting

from the accident which forms the basis of this litigation do not exceed $75,000.00 exclusive of

interest and costs." (Ex. B. to Defs.' Opp., Rec. Doc. 9-2 at 1). On July 10, 2012, Plaintiff's

counsel sent a letter to Defendants' counsel stating: "It is my opinion that my client's claim

exceeds the limits of our mutually agreed upon stipulation; therefore, demand is hereby made for

$75,000.00."  (Ex. C. to Defs.' Opp., Rec. Doc. 9-3 at 2). On July 19, 2012, Defendants removed

the case to this Court on the basis of diversity jurisdiction. (Rec. Doc. 1).

Shortly thereafter, Plaintiff filed a motion to remand. (Rec. Doc. 7). Plaintiff argued that

the Stipulation filed in state court specifically provides that damages in this case will not exceed

$75,000, and therefore, the amount-in-controversy requirement for diversity jurisdiction was not

satisfied. Defendants responded that the stipulation did not bind the Plaintiff not to accept an

award above $75,000, and that Plaintiff's subsequent demand letter provided a valid basis for

removal. In an Order and Reasons issued September 24, 2012, this Court denied Plaintiff's

motion on the grounds argued by the Defendants. (Rec. Doc. 11).

## II.     PRESENT MOTION

Plaintiff now submits a Second Motion to Remand. (Rec. Doc. 16). The basis for this

motion is a new Stipulation, which both Plaintiff himself and his counsel have signed, and which

states that Plaintiff "agrees he will not accept any damages from the accident which exceed

$75,000.00 exclusive of interest and costs." (Rec. Doc. 16-3). Plaintiff requests that this Court

"use its considerable discretion provided in U.S.C. 28, Subsection 1441(c) and remand this case

to State Court." (Rec. Doc. 16-2 at 1-2).

In opposition to Plaintiff's motion, Defendants argue that post-removal filings do not

divest a federal district court of diversity jurisdiction. The case law is quite clear that

Defendants' contention is correct. *See, e.g.*, *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th

Cir. 1995) ("Litigants who want to prevent removal must file a binding stipulation or affidavit

with their complaints; once a defendant has removed the case, *St. Paul* makes later filings

irrelevant." (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938)); *see

also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (holding that post-

removal affidavit and stipulation did not strip district court's jurisdiction). Furthermore, 28

-2-

U.S.C. § 1332(a) makes it clear that this Court's exercise of diversity jurisdiction is mandatory, rather than discretionary, and the applicable removal provision, 28 U.S.C. § 1441(b), similarly does not provide this Court with any discretion to remand properly removed cases.[1]

Accordingly, Plaintiff's motion to remand must be denied.

## III.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's Second Motion to Remand (Rec. Doc. 16) is DENIED.

New Orleans, Louisiana, this 12th day of March, 2013.

_____
UNITED STATES DISTRICT JUDGE

---

[1]The removal provision cited by Plaintiffs, 28 U.S.C. § 1441(c), applies only to cases involving both federal and state claims, and is thus inapplicable here.