**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

EDWARD SCOTT                                     CIVIL ACTION

VERSUS                                                  NUMBER 12-1882

MICHAEL HAGGERTY, ET AL.                SECTION "L" (3)

<u>ORDER & REASONS</u>

Before the Court is Defendants' motion for a new trial. (Rec. Doc. 47). The Court has

reviewed the briefs and the applicable law and now issues this Order and Reasons.

**I.      BACKGROUND**

This lawsuit arises out of a motor vehicle collision. Plaintiff Edward Scott claims that on

or about March 9, 2011, he was sitting inside his vehicle while it was parked outside the post

office on Loyola Avenue in New Orleans, Louisiana when it was struck by another vehicle.

According to Plaintiff, this vehicle was owned by Defendant AT&T Services, Inc. and operated

by one of its employees, Defendant Michael Haggerty. Plaintiff claims that he sustained multiple

injuries as a result of Defendants' negligence.

On April 22, 2013, the Court held a bench trial on Plaintiff's claims. Shortly thereafter,

the Court issued Findings of Fact and Conclusions of Law, in which the Court held that

Defendants' negligence had caused Plaintiff's injuries when Haggerty's vehicle struck

Plaintiff's. (Rec. Doc. 44). The Court concluded that Plaintiff was entitled to $11,554.00 in past

medical expenses and $60,000.00 in pain and suffering, but that Plaintiff had not established any

entitlement to future medical expenses. On May 1, 2013, the Court entered a Judgment in favor

of Plaintiff for those amounts. (Rec. Doc. 45).

## II.     PRESENT MOTION

Defendants now move for a new trial. (Rec. Doc. 47). They argue that Plaintiff failed to carry his burden of proof that he sustained an injury in the accident. In particular, they take issue with the Court's awarding damages to Plaintiff despite its statement that Plaintiff's "credibility was placed in jeopardy when under cross-examination, it was revealed that he told different versions of how the accident happened and which part of his vehicle was struck." (Rec. Doc. 44 at 12). Defendants emphasize that "*none* of Plaintiff's versions of the accident given to *any* medical provider were consistent with what this Court found to have occurred." (Rec. Doc. 47-1 at 2). Defendants argue that under Louisiana law, the history that a plaintiff provides to his or her physicians deserves to be given particular weight. Defendants also suggest, in response to the Court's statement that Plaintiff's testimony regarding his back pain was unrebutted, that rebuttal of such subjective complaints would have been difficult to accomplish. Plaintiff opposes the motion (Rec. Doc. 50) and argues that Defendants' arguments do not amount to allegations of manifest error of fact or law, as required by Federal Rule of Civil Procedure 59.

The decision to grant a motion under Rule 59 rests within the discretion of the district court. *See Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993). Modifying or setting aside a judgment under Rule 59 is an extraordinary remedy; motions for new trial or to alter or amend a judgment should not be avenues for relitigating old matters, raising new arguments, or submitting evidence that could have been presented before. *See Theriot v. Parish of Jefferson*, 66 F.Supp. 1435, 1452 (E.D. La.1997); *Campbell v. St. Tammany Parish School Board*, No. 98–2605, 1999 WL 777720, at *1 (E.D. La. Sept. 29, 1999). The need for justice generally favors a Rule 59 motion only when the moving party demonstrates a mistake of law or fact or presents newly discovered evidence that was previously unavailable.

*See Stephens v. Witco Corp.*, 1998 WL 426214, at *1 (E.D. La. July 24, 1998).

In their motion for a new trial, Defendants resubmit arguments that they previously presented at trial. They do not demonstrate a manifest error of fact or law; rather, they take issue with factual determinations, and particularly credibility determinations, that rest squarely within the discretion of the district court. Because Defendants have not established grounds for relief under Rule 59, the Court will exercise its discretion to deny their motion.

## III.  CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendants' motion for new trial (Rec. Doc. 47) is DENIED.

New Orleans, Louisiana, this 21st day of June, 2013.

UNITED STATES DISTRICT JUDGE